UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.   16-70135-CRM |
| | ) | |
| CRAIG JAMAL JENKINS, | ) | CHAPTER   7 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**MOTION TO COMPEL DEBTOR TO (1) PERFORM HIS
STATUTORY DUTIES AND (2) TURN OVER (A) REQUESTED DOCUMENTS
AND (B) PROPERTY OF THE ESTATE**

NOW COMES Neil C. Gordon, Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Estate**") of Craig Jamal Jenkins ("**Debtor**"), by and through his undersigned counsel, and files this his *Motion to Compel Debtor to (1) Perform His Statutory Duties and (2) Turn Over (A) Requested Documents and (B) Property of the Estate* (the "**Motion**"), pursuant to 11 U.S.C. §§ 343, 521, and 542 and 727 and Rule 7001(1) of the Federal Rules of Bankruptcy Procedure, and in support thereof shows this Honorable Court the following:

1. Debtor commenced the above-styled bankruptcy case by filing voluntarily a petition under Chapter 7 of Title 11 of the United States Code on November 8, 2016 (the "**Petition Date**"), initiating Case No. 16-70135-CRM (the "**Case**").

2. Also on the Petition Date, Debtor filed under penalty of perjury his *Statement of Financial Affairs*, *Schedules "A" through "J,"* and *Other Bankruptcy Documents* (collectively, the "**Sworn Schedules**").

3. On November 9, 2016, Trustee was appointed to the Case as interim Chapter 7 trustee, pursuant to 11 U.S. C. § 701(a)(1).

10923776v1

### Debtor's Interests in Real Property

*The Residence*

4. Pursuant to the Sworn Schedules, Debtor scheduled his sole ownership interest in that certain real property known generally as 1885 Kimberly Road, SW, Atlanta, Fulton County, Georgia (the "**Residence**").

5. Debtor listed the value of the Residence at $58,518.00, claimed a homestead exemption therein of $18,516.00 under 11 U.S.C. § 522(d)(1)(5), and scheduled one claim against the Residence in the amount $40,000.00.

6. Based on Trustee's investigation of value, the Residence could be worth at least $82,392.00. Therefore, it appears Debtor may have grossly undervalued the Residence.

*Adair Avenue*

7. Debtor scheduled his undivided one-half ownership interest in that certain real property known generally as 181 Adair Avenue, Atlanta, Fulton County, Georgia 30315 ("**Adair Avenue**").

8. Debtor listed the value of Adair Avenue at $52,715.00 and scheduled one claim against it in the amount of $13,000.00. Debtor surrendered his interest in the Adair Avenue and claimed no exemption therein.

*Chappell Road*

9. Debtor scheduled his undivided one-half interest in that certain real property known generally as 138 Chappell Road, Atlanta, Fulton County, Georgia 30311 ("**Chappell Road**").

10923776v1

10.     Debtor listed the value of Chappell Road at $40,646.00 and scheduled one claim against it in the amount of $19,975.00. Debtor surrendered his interest in Chappell Road and claimed no exemption therein.

11.     Based on the Debtor's values as well as Trustee's investigation of values, both Adair Avenue and Chappell Road (together, the "**Properties**") appear to have sufficient equity for administration by the Trustee.

## Background

12.     The original meeting of creditors was scheduled December 14, 2016, pursuant to 11 U.S.C. § 341(a) (the "**341 Meeting**"). Prior thereto, on December 8, 2016, Trustee requested Debtor to produce the following documents by December 13, 2016, including (a) 2015 state and federal tax returns and (b) monthly statements for bank, credit union or other financial institution accounts reflecting all transactions and daily balances for the period of July 1, 2016 through and including November 30, 2016 (the "**Request Documents**").

13.     Debtor failed to produce any of the Requested Documents or appear at the 341 Meeting on December 14, 2016. At that time, Trustee reset the 341 Meeting to January 12, 2017. Debtor again failed to appear or produce any of the Requested Documents. Trustee reset the 341 Meeting to February 16, 2017.

14.     On January 19, 2017, Trustee filed his *Application for Appointment of Attorneys* [Doc. No. 16], and the Court entered an *Order* [Doc. No. 18] on January 23, 2017, appointing Arnall Golden Gregory LLP as attorneys for Trustee.

10923776v1

15. On January 24, 2017, the Court entered a consent order extending the deadline for the Trustee and United States Trustee to file a complaint objecting to Debtor's discharge, until sixty (60) days after the conclusion of the 341 meeting.

16. Once again, on February 16, 2017, Debtor failed to attend the reset 341 Meeting nor has he ever produced any of the Requested Documents, which the Trustee has repeatedly requested. The 341 Meeting has been subsequently reset three more times, to March 16, 2017, April 13, 2017, and May 18, 2017. Each time, the Debtor has failed to appear.

17. The 341 Meeting is currently scheduled for June 13, 2017 at 2:30 p.m. in Room 365.

## The Unauthorized Post-Petition Transfers

18. Based on Trustee's further investigation of the Properties, he discovered that on December 19, 2016, Debtor and the non-filing co-owner sold Adair Avenue for $44,000.00 and Chappell Road for $30,300.00 (together, the "**First Transfers**"), and the warranty deed for each of the Transfers was recorded on January 11, 2017 (together, the "**Second Transfers**").

19. The First Transfers occurred forty-one (41) days after the Petition Date. The Second Transfers occurred sixty-four (64) days after the Petition Date.

20. The First Transfers and Second Transfers were unauthorized by the Trustee or the Bankruptcy Court and constitute willful violations of the automatic stay (collectively "**Post-Petition Transfers**").

## PERFORM DEBTOR'S DUTY
## REQUIRED UNDER 11 U.S.C. § 343

21. Debtor has failed to appear for the six (6) 341 Meetings. Pursuant to 11 U.S.C. § 343, Debtor is required to appear and submit to examination under oath at the meeting of creditors under 11 U.S.C. § 341(a). Debtor has blatantly refused to appear for examination by Trustee or produced any of the Requested Documents, so Trustee has been unable to review the Requested Documents or examine the Debtor, while Debtor is selling the assets of the Estate without permission of the Trustee or approval of the Bankruptcy Court.

22. Trustee seeks to have the Court compel the Debtor to perform the statutory duty required of him under 11 U.S.C. § 343 and attend his 341 Meeting on June 13, 2017 at 2:30 a.m. in Room 365.

## DEBTOR'S DUTIES
## REQUIRED UNDER 11 U.S.C. § 521

23. Debtor has failed to comply with his statutory duties as required by 11 U.S.C. §§ 521 and 542. Debtor has failed to produce any of the Requested Documents, pursuant to 11 U.S.C. §§ 521(a)(3) and (4).

24. Debtor must cooperate with Trustee as necessary to enable him to perform the duties required of him pursuant to 11 U.S.C. § 704(a)(1) and (4), but so far there has been no cooperation by Debtor. Imperative to Trustee's ability to fulfill these obligations and investigate the possibility of assets is a review of the Debtor's personal and financial records, which includes the Requested Documents.

10923776v1

25. Debtor's actions thus far have prevented Trustee from performing his fiduciary duty, including a review of the debts, businesses and potential undisclosed assets of the Estate.

26. The Bankruptcy Code requires the Debtor to "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties," § 521(a)(3), and "surrender to the trustee … any recorded information, including books, documents, records and papers, relating to property of the estate." § 521(a)(4). "It should be emphasized that the relationship between a trustee and a debtor is not supposed to be adversarial.  The duties imposed by § 521 are affirmative obligations.  A trustee is not required to play detective or to chase a debtor into court to gain his cooperation."  *In re Dunn*, 320 B.R. 161, 165 (Bankr. S.D. Ohio 2004) quoting *In re Sowers* , 97 B.R. 480, 487 (Bankr. N.D. Ind. 1989).

27. Because of Debtor's failure to comply with his obligations under the Bankruptcy Code, including failing to attend six (6) 341 Meetings, producing any of the Requested Documents which have been repeatedly requested since December 8, 2016, and now selling assets of the Estate without Bankruptcy Court approval, Trustee is constrained to file this Motion to Compel Debtor to perform his statutory duties, including (a) turning over the Requested Documents and (b) attending at the 341 Meeting.

**PERFORM THE DUTIES OF DEBTOR REQUIRED UNDER RULE 4002
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

28. Due to the Debtor's failure to perform the statutory duties required of him under 11 U.S.C. §§ 343 and 521, the Trustee has been unable to perform the duties required of him under 11 U.S. C. § 704.

10923776v1

29. Pursuant to the Federal Rules of Bankruptcy Procedure, the Debtor is required by Rule 4002(a)(1) to attend and submit to an examination under oath at a 341 Meeting.

30. Debtor is required by Rule 4002(b)(3) to produce tax returns to Trustee at least seven (7) days before the 341 Meeting.

31. Debtor is required by Rule 4002(a)(4) to cooperate with Trustee in his administration of the Estate, which includes producing the Requested Documents.

32. Trustee seeks to have the Court (a) compel the Debtor by order of this Court to perform his duties as a debtor as set forth in 11 U.S.C. §§ 343 and 521 and Rule 4002, including (i) producing the Requested Documents, (ii) attending the 341 Meeting scheduled for June 13, 2017 at 2:30 a.m. in Room 365, and (iii) fully cooperating with Trustee in all respects, and (b) providing an appropriate sanction for any failure to comply with the Court's order.

### TURNOVER PROPERTY OF THE ESTATE
### PURSUANT TO 11 U.S.C. § 542

33. With respect to the unauthorized Post-Petitions Transfers of Adair Avenue and Chappell Road, Trustee seeks an Order directing the immediate turnover of the following: (a) the settlement statement and all other documents from the closing on each of the Properties, and (b) Debtor's one-half interest in the net sale proceeds from the sales of Adair Avenue and Chappell Road.

WHEREFORE, Trustee prays that this Court enter an Order:

(a) Compelling Debtor to perform the statutory duties required of him under 11

10923776v1

U.S.C. §§ 343 and 542 and Fed. R. Bankr. P. 4002, including (i) fully cooperating with Trustee in all respects hereafter, (ii) producing the Requested Documents, (iii) appearing for examination at the 341 Meeting reset to June 13, 2017 at 2:30 p.m. in Room 365 and any subsequent reset or continuation thereof, and

(b) Directing the immediate turnover of the following: (i) the settlement statement and all other documents from the closing on each of the Properties, and (ii) Debtor's one-half interest in the net sale proceeds from the sales of Adair Avenue and Chappell Road; and

(c) Providing that any failure to comply with an Order granting this Motion, could lead to the Court granting a subsequent motion if filed by the Trustee pursuant to Rule 2005 of the Federal Rules of Bankruptcy Procedure that directs the United States Marshal to apprehend the Debtor by any means necessary and bring him before the Court; and

(d) Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

ARNALL GOLDEN GREGORY LLP

By: /s/Neil C. Gordon
    Neil C. Gordon/SBN 302387
    171 17th Street, NW, Suite 2100
    Atlanta, GA 30363-1031
    (404) 873-8500 / neil.gordon@agg.com
    Attorneys for Chapter 7 Trustee

10923776v1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.    16-70135-CRM |
| | ) | |
| CRAIG JAMAL JENKINS, | ) | CHAPTER    7 |
| | ) | |
|     Debtor. | ) | |
| | ) | |

### NOTICE OF HEARING ON
### MOTION TO COMPEL DEBTOR TO (1) PERFORM HIS
### STATUTORY DUTIES AND (2) TURN OVER (A) REQUESTED DOCUMENTS
### AND (B) PROPERTY OF THE ESTATE

**PLEASE TAKE NOTICE THAT,** pursuant to 11 U.S.C. §§ 343, 521(a)(1), (3) and (4) and 542 and Rule 4002 of the Federal Rules of Bankruptcy Procedure and, Neil C. Gordon, Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Estate**") of Craig Jamal Jenkins ("**Debtor**") filed a *Motion to Compel Debtor to (1) Perform His Statutory Duties and (2) Turn Over (A) Requested Documents and (B) Property of the Estate* (the "**Motion**"), which requests an Order from the Court (a) directing Debtor to (i) perform his statutory duties, including fully cooperating with Trustee in all respects, (ii) turning over Requested Documents ( as defined in the Motion), (iii) attending the meeting of creditors scheduled for June 13, 2017 at 2:30 a.m. in Room 365 and any subsequent reset or continuation thereof, (iv) turning over Debtor's one-half interest in the net sale proceeds from the unauthorized sales of each of the Properties (as defined in the Motion), and the settlement statement and all other documents from the closing on each of the Properties.

The Motion is available for review in the Clerk's Office, United States Bankruptcy Court, during normal business hours or online at http://ecf.ganb.uscourts.gov (registered users) or at http://pacer.psc.uscourts.gov (unregistered users).

**PLEASE TAKE FURTHER NOTICE that the Court will hold a hearing on the Motion in Courtroom 1203, Richard B. Russell Federal Building, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303 at 11:00 a.m. on June 22, 2017**.

Your rights may be affected by the Court's ruling on this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.). If you do not want the Court to grant the relief sought in this pleading or if you want the Court to consider your views, then you must attend the hearing. You may also file a

10923776v1

written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two (2) business days before the hearing. The address of the Clerk's Office is: Suite 1340 Richard B. Russell Federal Building, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303. You must also mail a copy of your response to the counsel for the Trustee, Neil C. Gordon, Arnall Golden Gregory, LLP, 171 17th Street, N.W., Suite 2100, Atlanta, Georgia  30363-1031.

ARNALL GOLDEN GREGORY LLP

By: /s/ Neil C. Gordon
    Neil C. Gordon
    Ga. Bar No.302387
    171 17th Street, N.W., Suite 2100
    Atlanta, Georgia 30363-1031
    (404) 873-8596
    Attorneys for Chapter 7 Trustee

10923776v1

## CERTIFICATE OF SERVICE

      I do hereby certify that I have served the foregoing *Motion to Compel Debtor to (1) Perform His Statutory Duties and (2) Turn Over (A) Requested Documents and (B) Property of the Estate* and *Notice of Hearing on Motion to Compel Debtor to (1) Perform His Statutory Duties and (2) Turn Over (A) Requested Documents and (B) Property of the Estate* upon the following parties by the designated means:

Office of the United States Trustee
362 Richard B. Russell Bldg.
75 Ted Turner Drive, S.W.
Atlanta, GA  30303

Craig Z. Black
The Semrad Law Firm, LLC
Sterling Point II
303 Perimeter Center North
Suite 201
Atlanta, GA 30346

Craig Jamal Jenkins
1885 Kimberly Road, SW
Atlanta, GA 30331

      This 22nd day of May, 2017.

                                            */s/ Neil C. Gordon*
                                            Neil C. Gordon

10923776v1